NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPILLERMAN HILL, | Civil Action No. 17-5491 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| GEORGE ROBINSON, et al., | |
| Respondents. | |

*Pro se* Petitioner Spillerman Hill, a prisoner confined at the Northern State Prison in Newark, New Jersey, seeks to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. It appearing:

1. The Petition challenges a decision by the New Jersey Department of Corrections regarding the calculation of jail time credits. The matter was decided by the Appellate Division on September 7, 2012, *Hill v. N.J. Dep't of Corr.*, 2012 WL 3870360 (N.J. Sup. Ct. App. Div. Sept. 7, 2012) (*Hill I*), and became final when the New Jersey Supreme Court denied certification on February 11, 2013. *Hill v. N.J. Dep't of Corr.*, 213 N.J. 57 (2013). During the pendency of the matter, Petitioner was paroled. *Hill I* at *2.[1]

---

[1] Petitioner's challenge to a sentence calculation is properly brought under § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001) (finding that challenges to both the validity and execution of a state sentence should proceed under § 2254 because "Section 2254, in contrast to Section 2255, confers broad jurisdiction to hear the petition of any state prisoner 'in custody in violation of federal law'").

2. The Petition appears to be time-barred. Federal law requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the challenged decision in question became final in 2013, when the New Jersey Supreme Court denied certification on the matter. As such, the Petition, filed on July 26, 2017, is clearly untimely.

3. The Court recognizes that at the time the decision became final, Petitioner had no practical reason to challenge the decision in federal court, as he was already paroled. However, that does not mean federal habeas relief was unavailable to him at the time. *See Bethea v. Bickell*, No. 13-1694, 2015 WL 1608521, at *3 (M.D. Pa. Apr. 10, 2015) (finding that a petitioner's challenge to the state's sentence calculation was not moot because it may still affect the length of his parole supervision); *see also United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015) (citation omitted) (finding that in the federal sentencing context, release from incarceration does not moot a challenge to an illegal sentence because a court "could credit [the petitioner] with the time served in prison exceeding a lawful sentence and reduce the length of his supervised release by that amount"). Indeed, this is the exact argument he made to the Appellate Division on appeal, even though he was also paroled by then. *See Hill I* at *1 ("Hill . . . contend[ed] that the maximum term that he must still serve, both in custody and on parole, remained in dispute[.]").

4. While Petitioner seems to be interested in revisiting that decision now on federal habeas, because he is again incarcerated for a different crime, (*see* ECF No. 1 at 14), it does not change the timeliness calculation. Furthermore, he also has not shown how a challenge to his prior

sentence calculation would affect his current incarceration for a new crime. There is no authority holding that excess time served for an old crime may be credited toward the sentence of a new crime—a contrary holding would negatively impact society by providing a perverse incentive for criminals to commit new crimes with no or reduced consequences, simply because a mistake was made in their prior sentencing. Accordingly, the Court dismisses the Petition, without prejudice, as untimely.

5. In the interest of justice, the Court will permit Petitioner to amend the Petition to show why the Petition is timely; Petitioner may present equitable tolling and other arguments to excuse the four-plus-year gap between the exhaustion of state court remedies and the filing of the instant Petition. Failure to amend the Petition to cure the deficiencies will result in dismissal with prejudice.

Date: September 22, 2017

Claire C. Cecchi, U.S.D.J.