**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPILLERMAN HILL, | Civil Action No. 17-5491 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| GEORGE ROBINSON, et al., | |
| Respondents. | |

**CECCHI, District Judge.**

*Pro se* Petitioner Spillerman Hill, a prisoner confined at the Northern State Prison in Newark, New Jersey, seeks to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court screened the Petition and dismissed it as untimely, but allowed Petitioner to amend the Petition to make appropriate tolling arguments. (ECF No. 4.) Presently before the Court is Petitioner's "amended petition," which is essentially a brief arguing for equitable tolling. (ECF No. 5.)

The Court has reviewed Petitioner's latest submission, and rejects his arguments for equitable tolling. In his brief, Petitioner raises two arguments: (1) that his challenge to the sentence at issue affects the sentence he may receive for an ongoing criminal prosecution, so therefore it is timely because the violation is "ongoing"; and (2) that he diligently pursued his challenges to the sentence at issue. The first of his arguments is irrelevant, because although such collateral consequences may give this Court jurisdiction over his habeas challenge, it says nothing about the timeliness of the challenge. Federal law requires a federal habeas challenge to be brought within one year after the challenged decision becomes final, 28 U.S.C. § 2244(d)(1)(A), regardless of

1

whether the violations are "ongoing"—indeed, in most § 2254 petitions, the violations are "ongoing" simply because the vast majority of the petitioners are still incarcerated under the challenged sentences. Petitioner's argument would eviscerate the one-year limitations period altogether, a proposition unsupported by any case law.

The Court also rejects Petitioner's contention that he was diligent in pursuing his claim. In his brief, Petitioner acknowledges that his sentence became final on February 11, 2013. (ECF No. 5 at 2.) He then filed a civil rights action under 42 U.S.C. § 1983, presumably challenging the sentence at issue, on March 15, 2013. *Id.* That action was dismissed on July 1, 2013. *Id.* He then filed a federal habeas challenge, which was terminated on March 18, 2014. *Id.* He mentions another state criminal matter where he was sentenced on May 1, 2015, when he presumably brought up the issues with his previous sentence again. *Id.* Even if the Court accepts all of these allegations, and construes these various actions as challenges to the sentence, they do not show due diligence, because (1) between March 18, 2014, when his previous habeas petition was terminated, and May 1, 2015, when he supposedly brought up the issue again in state court, more than one year had passed; and (2) having realized on May 1, 2015 that his previous sentence would adversely affect his future sentences, Petitioner nevertheless did not file the instant Petition until July 26, 2017, more than two years after that realization. Either of those delays would have exceeded the one-year statute of limitations under federal law, yet Petitioner argues that he was "diligent" in pursuing his claim, a contention the Court rejects. Accordingly, having raised no valid tolling argument, for the reasons articulated by the Court in its September 25, 2017 opinion, (ECF No. 3), the Court dismisses the Petition with prejudice as untimely.

Lastly, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge

issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

Date: May 25, 2018

**Claire C. Cecchi**
United States District Judge